**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.W. and K.E.**

**No. 22-0307** (Kanawha County 19-JA-544 and 19-JA-546)

**MEMORANDUM DECISION**

Petitioner Mother T.E., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's March 22, 2022, order terminating her parental rights to K.W. and K.E.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and James Wegman, filed a response in support of the circuit court's order. The guardians ad litem, Elizabeth Davis and Olivia Lee,[2] filed a response on behalf of the children in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2019, the DHHR filed a petition alleging that petitioner abused and neglected the children by virtue of her drug abuse; exposure of the children to drug users in the home, including an individual who overdosed; extended criminal history; and domestic violence between her and the father of K.W. Shortly after the petition's filing, petitioner tested positive for methamphetamine and amphetamine. Petitioner later checked into two different drug rehabilitation programs, but left both facilities shortly after entering. Thereafter, petitioner stipulated to having a substance abuse problem that affected her ability to parent the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Olivia Lee, a law student, appears pursuant to Rule 10 of the West Virginia Rules for Admission to the Practice of Law.

In December of 2019, the circuit court granted petitioner a post-adjudicatory improvement period, which was permitted to continue across several review hearings despite evidence that she did not fully comply. In March of 2020, the DHHR indicated that petitioner continued to have contact with the father of K.W., despite their history of domestic violence, and that there was a warrant for petitioner's arrest, among other issues. By September of 2020, the court had terminated petitioner's improvement period upon her misrepresentations to the DHHR that she obtained housing and employment.

In October of 2020, the circuit court held the first of many continued dispositional hearings. Around this time, the DHHR reported that petitioner was not fully complying with services, as she had missed multiple drug screens and parenting classes. Nevertheless, the court permitted petitioner to continue receiving services.[3] However, by October of 2021, the court found that petitioner was making no progress, as she had recently tested positive for methamphetamine and amphetamine. According to the court, petitioner entered a rehabilitation program "after being directed [to] by her probation officer."

In February of 2022, the circuit court held the final dispositional hearing. A Child Protective Services worker testified to petitioner's failed drug screens and recommended termination of petitioner's parental rights. Petitioner also testified that she had been in a sober living facility for five months upon a referral from her probation officer. Based upon the evidence, the court found that petitioner was "in this drug rehab now per her probation violation so she's in there really to save herself from going to prison." Further, the court found that petitioner did not substantially comply with services because she used drugs throughout the pendency of the case. Given that she demonstrated an inability to solve the problems that led to the petition's filing, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her rights was necessary to protect the children's best interests. Accordingly, the court terminated petitioner's parental rights.[4] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that it was error to terminate her parental rights because she participated in drug rehabilitation for five months and was set to graduate in May of 2022. We find, however, that this is insufficient to entitle petitioner to relief. Although petitioner demonstrated limited compliance at the end of the proceedings, the circuit court found that petitioner abused drugs throughout the proceedings, which took place over two years. Petitioner delayed addressing her substance abuse by entering and leaving several programs after a matter of days and later refusing inpatient substance abuse treatment. In short, petitioner delayed her improvement to the point that the circuit court was left with no choice but to terminate

---

[3]Although unclear from the record, it appears that the court also reinstated petitioner's improvement period.

[4]K.E.'s father's parental rights were also terminated, and the permanency plan for that child is adoption in the current placement. The permanency plan for K.W. is to remain with the father.

her rights. As we have explained, "the trial court must accept the fact that the statutory limits on improvement periods . . . dictate that there comes a time for decision, because a child deserves resolution and permanency in his or her life." *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 260, 470 S.E.2d 205, 214 (1996). Given that petitioner had participated in services for roughly twenty-nine months without remedying the conditions of abuse and neglect, it would have been improper for the court to delay the children's permanency any further. *See In re J.G.*, 240 W. Va. 194, 204, 809 S.E.2d 453, 463 (2018) ("The time limitations and standards contained [in the statues, rules, and case governing abuse and neglect proceedings] are mandatory and may not be casually disregarded or enlarged without detailed findings demonstrating exercise of clear-cut statutory authority.").

Based on the evidence, we find that the circuit court had a sufficient basis upon which to make the findings necessary for termination of petitioner's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare). Petitioner argues that she should have been entitled to a less restrictive dispositional alternative because termination of her rights was not necessary for the children's welfare, but we disagree. While it is true that the children are placed with a father and another relative, this does little to change the fact that they deserve permanency, as the circuit court found. As this Court has repeatedly stressed, termination of rights is permitted "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Because the court had ample evidence upon which to base this finding, petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 22, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn